IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Derrell Green, ) | |
| ) | |
| Petitioner, ) | |
| ) | Civil Action No. 9:23-cv-1945-BHH |
| v. ) | |
| ) | **ORDER** |
| Shane Jackson, Warden, Lee ) | |
| Correctional Institution, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

Petitioner Derrell Green ("Petitioner"), a state prisoner, seeks habeas relief pursuant to 28 U.S.C. § 2254. (ECF No. 1.) Respondent Shane Jackson, Warden at Lee Correctional Institution ("Respondent"), filed a motion for summary judgment, along with a return and memorandum. (ECF Nos. 14, 15.) Petitioner filed a response in opposition. (ECF No. 20.) Pursuant to 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(c), D.S.C., this matter for referred to a United States Magistrate Judge for preliminary review.

On July 16, 2024, United States Magistrate Judge Molly H. Cherry issued a Report and Recommendation ("Report"), analyzing the issues and recommending that the Court grant Respondent's motion for summary judgment. (*See* ECF No. 24.) On July 25, 2024, Petitioner, who is represented by counsel, filed objections to the Report (ECF No. 25), and on August 6, 2024, Respondent filed a reply to Petitioner's objections. (ECF No. 26.)

**STANDARDS OF REVIEW**

I.     **The Magistrate Judge's Report**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final

determination remains with this Court. *Mathews v. Weber,* 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report to which a specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court also may "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

## II.     Summary Judgment

Summary judgment is appropriate if a party "shows that there is no genuine dispute as to any material fact" and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a).  "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.* at 248.  "[A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Id.* at 249.  "In determining whether a genuine issue has been raised, the court must construe

all inferences and ambiguities in favor of the nonmoving party." *HealthSouth Rehab. Hosp. v. Am. Nat'l Red Cross*, 101 F.3d 1005, 1008 (4th Cir. 1996).

The party seeking summary judgment bears the initial burden of demonstrating that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. *Id.* at 324. Rather, the non-moving party must demonstrate that specific, material facts exist that give rise to a genuine issue. *Id.* Under this standard, "[c]onclusory or speculative allegations do not suffice, nor does a 'mere scintilla of evidence'" in support of the non-moving party's case. *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002) (quoting *Phillips v. CSX Transp., Inc.*, 190 F.3d 285, 287 (4th Cir. 1999)); *see also Anderson*, 477 U.S. at 252.

## **DISCUSSION**

As an initial matter, the Magistrate Judge's Report includes a detailed and thorough outline of the procedural history of this case, and no party has specifically objected to this portion of the Report. After review, the Court finds that the Magistrate Judge fairly and accurately summarized the background information; therefore, the Court adopts this portion of the Report without further recitation of the facts. Furthermore, the Court finds that the Report sets forth the appropriate, applicable standards of review, and the Court also adopts this portion of the Report without further recitation of the standard for federal habeas review under § 2254.

In the Report, the Magistrate Judge carefully analyzed Petitioner's two grounds for relief: (1) Petitioner's assertion that the trial judge violated his due process rights by

admitting his alleged involuntary confession, and (2) Petitioner's claim of ineffective assistance based on counsel's alleged failure to properly investigate and present mitigating evidence during sentencing. After finding that Petitioner properly exhausted his state court remedies as to both claims, the Magistrate Judge carefully considered the merits of each claim and found, with respect to Petitioner's first claim, that the trial court's factual determinations were not unreasonable, and that Petitioner failed to rebut them by clear and convincing evidence. The Magistrate Judge further found, with respect to Petitioner's first claim, that the trial judge's consideration of the totality of the circumstances was not unreasonable. Accordingly, the Magistrate Judge determined that Petitioner failed to demonstrate that the trial judge unreasonably misapplied clearly established federal law as decided by the Supreme Court, or that the trial judge made objectively unreasonable factual findings. Thus, the Magistrate Judge recommended that the Court grant summary judgment in favor of Respondent on Petitioner's first claim.

Next, as to Petitioner's second claim—that trial counsel was ineffective for failing to present evidence of Petitioner's depression and head injuries at the waiver hearing in family court and at sentencing—the Magistrate Judge first outlined the applicable law and the relevant portions of the record and then determined that the state court did not apply *Strickland v. Washington* unreasonably or base its adjudication on an unreasonable determination of the facts. 466 U.S. 668 (1984). The Magistrate Judge concluded:

> The undersigned is unpersuaded that this mention of possible depression during the waiver hearing shows Trial Counsel was deficient in her investigation, and it certainly does not make the PCR Judge's finding to the contrary unreasonable under the doubly deferential lens of § 2254(d) and *Strickland*. [ ] To be sure, Trial Counsel testified at the PCR hearing that there were indications of Petitioner's depression, but she noted that none of the evaluations—which she specifically obtained from her investigation— yielded a depression diagnoses. [ ] She testified that she presented all of

4

> the mitigating evidence she had to the court and that she did not have any information concerning Petitioner's head injuries or depression. Trial Counsel's suggestion that she could have possibly represented Petitioner better does not show she was deficient, and the PCR Judge's finding that Trial Counsel provided adequate representation was not unreasonable under Strickland's standard.

(ECF No. 24 at 36 (citations omitted).) Additionally, the Magistrate Judge found that the PCR judge's findings as to the prejudice prong of *Strickland* were not unreasonable. Accordingly, the Magistrate Judge recommended that the Court grant summary judgment in favor of Respondent on Petitioner's second claim.

Petitioner filed two objections to the Magistrate Judge's Report. (ECF No. 25.) First, as to his first claim, Petitioner objects to the Magistrate Judge's "'looking through' the Court of Appeals opinion and instead relying on the trial court's rationale in holding that Petitioner's inculpatory statement was not involuntary." (*Id.* at 1.) Next, as to his second claim, Petitioner "objects to the Magistrate Judge's conclusion that the evidence at the PCR hearing that illustrated Petitioner's history of head injuries and depression would not have changed the result of the sentencing proceeding where Petitioner was sentenced to 40 years in prison." (*Id.* at 2.)

I.    **Petitioner's "Look Through" Objection**

In his first objection, Petitioner asserts that, "[i]n finding that it must 'look through' this last reasoned opinion of the South Carolina Court of Appeals, the Magistrate Judge appears to concede that the Court of Appeals opinion unreasonably addressed Petitioner's claim." (ECF No. 25 at 1-2.) After *de novo* review, however, the Court is not convinced by Petitioner's objection and finds that the Magistrate Judge did not concede that the Court of Appeals unreasonably addressed Petitioner's claim. Rather, the Magistrate Judge noted that the Court of Appeals opinion contained "minimal discussion

5

and a string cite to authorities." (ECF No. 18 n.5.) As a result of this, the Magistrate Judge followed well-established United States Supreme Court precedent and "looked through" the Court of Appeals opinion and properly considered the trial judge's underlying rationale. *See Wilson v. Sellers*, 584 U.S. 122, 125 (2018) (explaining that a "federal court should 'look through' the unexplained decision to the last related state-court decision that does provide a relevant rationale" and "then presume that the unexplained decision adopted the same reasoning").

Here, after *de novo* review, the Court finds that the Magistrate Judge appropriately considered the trial judge's reasoning in finding that Petitioner failed to demonstrate that the trial judge unreasonably misapplied clearly established federal law or made objectively unreasonable factual findings, and the Court fully agrees with the Magistrate Judge's analysis of Petitioner's first claim. Thus, the Court overrules Petitioner's first objection.

1. **Petitioner's Ineffective Assistance Objection**

Next, Petitioner objects to the Magistrate Judge's conclusion that Petitioner was not prejudiced by trial counsel's failure to develop and present mitigating evidence at sentencing of Petitioner's history of head injuries and depression.  Essentially, in this objection, Petitioner merely repeats his second claim for relief, and he makes the conclusory assertion that this evidence would have changed the result of his sentencing proceeding.  After consideration, the Court finds that Petitioner's objection fails to identify any clear factual or legal error in the Magistrate Judge's analysis.  Furthermore, even after *de novo* review, the Court finds that the Magistrate Judge correctly analyzed the issue, and the Court fully agrees with the Magistrate Judge's careful and reflective

analysis of Petitioner's second claim. Stated plainly, the Magistrate Judge thoroughly reviewed the testimony and materials presented at the post-conviction relief ("PCR") hearing, as well as the PCR judge's specific findings, and the Court finds that the Magistrate Judge correctly concluded that the state court's prejudice finding was not unreasonable or based on an unreasonable determination of the facts. (*See* ECF No. 24 at 35-38.) Thus, the Court overrules Petitioner's second objection.

## CONCLUSION

For the foregoing reasons, the Court **adopts and specifically incorporates** the Magistrate Judge's Report (ECF No. 24); the Court **overrules** Petitioner's objections (ECF No. 25); the Court **grants** Respondent's motion for summary judgment. (ECF No. 15); the Court dismisses Petitioner's § 2254 petition **with prejudice**; and the Court denies a certificate of appealability.[1]

**IT IS SO ORDERED.**

/s/ *Bruce Howe Hendricks*
United States District Judge

September 30, 2024
Charleston, South Carolina

---

[1] A certificate of appealability will not issue to a prisoner seeking habeas relief absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). Here, the Court finds that Petitioner has failed to make a substantial showing of the denial of a constitutional right. Accordingly, the Court declines to issue a certificate of appealability.